UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRY VELARDITA,

Plaintiff,

v.

**DECISION AND ORDER**
04-CV-866S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

1. In this case, Plaintiff Terry Velardita challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since September 29, 2000, due to a back impairment. Plaintiff contends that his impairment has rendered him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

2. Plaintiff filed an application for disability insurance benefits on March 14, 2002. His application was denied initially and on reconsideration. Pursuant to Plaintiff's request, an administrative hearing was held before ALJ Donald T. McDougall on July 15, 2003. After Plaintiff requested review of ALJ McDougall's decision, the Appeals Council vacated the decision and remanded the case for further proceedings. Plaintiff thereafter appeared before ALJ F. Lambert Haley on April 7, 2004, at which time Plaintiff appeared with counsel and presented testimony. The ALJ considered the case *de novo*, and on May 25, 2004, issued a decision denying Plaintiff's application for benefits. On September 23, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on October 25, 2004, challenging Defendant's final decision.[1]

[1]The ALJ's May 25, 2004 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3. On April 11, 2004, the Government and Plaintiff filed Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court deemed the Motions submitted and reserved decision.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo*

review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 18, 28);[2] (2) Plaintiff's herniated nucleus pulposus at L4-5 and L5-S1 constitutes a "severe" impairment within the meaning of the Act (R. at 18, 28); (3) Plaintiff's impairment does not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 18, 28); (4) Plaintiff retained the residual functional capacity for sedentary work, which requires the ability to lift and carry up to ten pounds occasionally, sit for up to six hours, and stand and/or walk for up to two hours in an eight-hour workday (R. at 26, 28); and (5) Plaintiff was unable to perform his past relevant work as a roofer. (R. at 27, 28). Considering Plaintiff's status as a younger individual, with a limited education, no transferable skills from his past work, no non-extertional limitations, and a residual capacity for a full range of sedentary work, the ALJ determined that Medical-Vocational Rule 201.25 directed a finding of "not disabled." (R. at 27-29). Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time through the date of his decision, May 25, 2004. (R. at 28-29).

10. Plaintiff's first challenge to the ALJ's decision is that he improperly rejected the opinion of his surgeon, Dr. Loubert S. Suddaby. Plaintiff notes that Dr. Suddaby opined that Plaintiff was restricted to work, which allowed him to alternate between sitting

---

[2] Citations to the underlying administrative record are designated as "R."

and standing. In this regard, Plaintiff contends that the ALJ violated the "treating physician's rule," by failing to afford proper weight to Dr. Suddaby's opinion.[3] Plaintiff makes specific reference to the April 11, 2002 report in which Dr. Suddaby stated that Plaintiff could only sit between 15 and 20 minutes at a time. (R. at 213, 214). While the ALJ considered Dr. Suddaby's April 2002 evaluation, he did not give it controlling weight because it was inconsistent with Plaintiff's own admissions and was not based on clinical diagnostic studies. (R. at 21, 214).

11. According to the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). Having reviewed the evidence at issue, this Court detects no reversible error in the ALJ's treatment of Dr. Suddaby's conclusion that Plaintiff could not sit for longer than 20 minutes.

As an initial matter, the record reflects that Dr. Suddaby's conclusion was predicated solely on Plaintiff's subjective complaints and was not based on contemporaneous diagnostic testing. For example, Dr. Suddaby noted in a May 8, 2002 fax to the New York State Office of Temporary Disability that he had not performed any diagnostic studies of Plaintiff's lumbar spine since December 5, 2000. (R. at 212). Moreover, Dr. Suddaby did not actually conclude in his April 2002 report that Plaintiff was severely restricted in his ability to sit; rather, Dr. Suddaby wrote that "[Plaintiff] *finds* that he cannot sit for significant

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

lengths of time." (R. at 213) (emphasis added). As reflected in the ALJ's decision, Plaintiff's prior reports regarding his physical abilities contradict this suggestion. (R. at 26). Just one month prior to Dr. Suddaby's restrictive assessment, Plaintiff reported to the Social Security Administration that he was able to lift thirty pounds and sit for up to two hours. (R. at 26, 111). Under the circumstances, this Court finds that it was not improper for the ALJ to find that Dr. Suddaby's assessment was not entitled to controlling weight.

Notwithstanding the ALJ's rejection of Dr. Suddaby's April 2002 opinion, the fact that Plaintiff had to alternate between sitting and standing would not, in and of itself, prevent him from performing sedentary work. The Second Circuit Court of Appeals has explicitly held that it is not presumed that "all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight." Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004). In this respect, the ALJ's determination that Plaintiff could perform sedentary work was not entirely inconsistent with Dr. Suddaby's April 2002 assessment. For the foregoing reasons, this Court finds that the ALJ's treatment of Dr. Suddaby's opinion was not inappropriate.

13. Plaintiff next argues that the ALJ failed to consider his excellent work history in assessing his credibility. As an initial matter, this Court notes that the record is replete with references to Plaintiff's earnings and his relevant work as a roofer, and the ALJ acknowledged that he could no longer perform this work. (R. at 27, 28, 94-97, 99-102, 112, 115, 445). The mere fact that the ALJ did not explicitly refer to Plaintiff's work history in assessing Plaintiff's credibility does not render his credibility finding incorrect. The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence. See Mongeur v. Heckler,

722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).

This Court finds that the ALJ sufficiently articulated his rationale for concluding that Plaintiff's "allegations of total disability" were inconsistent "with the record as a whole." (R. at 25). The ALJ noted, for example, that Plaintiff went camping when the "weather was nice," and apparently went hunting on occasion. (R. at 25). Those activities, the ALJ observed, require "some considerable exertional activity such as driving, walking, packing, loading/unloading supplies and equipment (lifting/carrying), sitting, and various postural activities such as stooping and bending." (R. at 25). The ALJ also opined that Plaintiff's subjective reports to his doctors of mild to moderate pain, and significant post-surgical improvement, as well as his "sporadic use of prescribed pain medication do[ ] not suggest ongoing, totally disabling pain." (R. at 26). This Court finds that the ALJ's credibility finding was properly based on the medical record, Plaintiff's daily activities, and his representations to his doctors regarding his pain. The fact that the ALJ did not specifically address Plaintiff's work history does render his credibility finding unreliable or incorrect.

14. Plaintiff's final argument is that substantial evidence in the record does not support the ALJ's residual functional capacity assessment. In particular, Plaintiff argues that the ALJ did not cite any competent medical evidence in support of his determination. Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no

error. The decision contains an adequate discussion of medical evidence supporting the ALJ's determination that Plaintiff was not disabled. The ALJ discussed Plaintiff's post-surgical functional capacity evaluation ("FCE") during which Plaintiff demonstrated the ability to perform at the medium/heavy physical demand level with no visible restriction or limitation with respect to walking, carrying, climbing, balancing, stooping, kneeling, crouching, reaching or handling. (R. at 20). The ALJ noted that Plaintiff's responses to the various tests administered during the FCE indicated that he experienced only a low level of pain. (R. at 20).

The ALJ also noted that Plaintiff was not taking pain medication as evidenced by his own statements and his pharmaceutical records, and that his physical therapy records reflected an improvement in his gait pattern and walking endurance. (R. at 20). While the ALJ acknowledged and accepted Dr. Suddaby's objective medical finding that Plaintiff was experiencing lumbar instability, he rejected the doctor's very restrictive functional capacity assessment because it was based on Plaintiff's subjective complaints. (R. at 21). The ALJ noted only seven months had elapsed between Plaintiff's positive FCE and Dr. Suddaby's restrictive functional assessment. (R. at 21). Finding that it was "unlikely" that Plaintiff had "deteriorated medically to the degree suggested by Dr. Suddaby's assessment," the ALJ rejected the doctor's conclusion and afforded more weight to the less restrictive FCE.

In further support of his determination, the ALJ noted that on more than one occasion, Dr. Suddaby found that Plaintiff's reflex, motor and sensory examinations were within normal limits. (R. at 22, 213, 340). The ALJ also cited Dr. Romanth Waghmarae, a pain management specialist who examined Plaintiff in October of 2002, and concluded that Plaintiff had no muscle spasms and no joint abnormalities, that he exhibited a normal gait and posture, and that his head, neck and lubosacral spine motions were normal. (R.

at 22, 323-24).

The ALJ acknowledged that Dr. Joseph Cervi, an internist, rendered a restrictive assessment of Plaintiff's exertional capabilities and postural limitations on February 6, 2004. The ALJ noted, however, that Dr. Cervi examined Plaintiff only four times after his work related injury in September 2000, and that he did not examine or treat Plaintiff at all in 2001 or 2002. In this respect, Dr. Cervi's conclusion that Plaintiff had postural limitations was based on Plaintiff's "medical history," rather than on Dr. Cervi's own medical findings. The only objective medical findings contained in Dr. Cervi's 2004 report, the ALJ noted, referred to Plaintiff's right achilles tenderness, his limited straight leg raising, and the decreased sensation in his right lower leg and foot. (R. at 23). Ultimately, the ALJ rejected Dr. Cervi's assessment because: (1) Dr. Cervi did not "maintain the type of doctor/patient relationship that would result in significant knowledge of the ongoing nature, duration and severity of [Plaintiff's] lumbar spine impairment;" (2) Dr. Cervi based his medical opinion on Plaintiff's subjective description of his own limitations and symptoms; and (3) Dr. Cervi is not a specialist. (R. at 23). These are appropriate factors for an ALJ to consider when determining the proper weight to afford to a treating physician's opinion. See 20 C.F.R. § 404.1527(d).[4]

The ALJ likewise rejected the restrictive assessment of Brian Werder, a chiropractor, because it was inconsistent with his own treatment notes and objective findings, and because Mr. Werder is not a medical doctor. The ALJ properly noted that

---

[4]Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford a treating physician's opinion if it is not entitled to controlling weight: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency; (5) specialization of the treating physician; and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

chiropractors are not acceptable medical sources under the Commissioner's regulations. See 20 C.F.R. §§ 404.1513(a) & (d)(1). Therefore, the ALJ concluded that Dr. Werder's statement was not a "medical opinion," and was not entitled to controlling weight under the regulations. (R. at 23-24). See Diaz v. Shalala, 59 F.3d 307, 312-14 (2d Cir. 1995). The ALJ set forth the Plaintiff's testimony and prior statements regarding his recreational activities and reports of mild to moderate pain. (R. at 24-25). Finally, the ALJ credited the opinion of the State Agency physician, who concluded that Plaintiff was able to perform light exertional work with certain postural limitations. (R. at 26). Based on the foregoing, this Court finds that the ALJ did not commit any legal errors in rendering his decision. Further, this Court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence in the record.[5]

17. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions rendered therefrom. It is clear to this Court that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error in the ALJ's decision, this Court will grant

---

[5]This Court is mindful that a vocational expert testified at Plaintiff's hearing that a hypothetical individual of Plaintiff's "age, educational background and work history, who is limited to ten pounds, could stand less than two hours of an eight-hour day and not more than a half-hour at a time, and can sit approximately 15 to 20 minutes at a time and no more than four hours of an eight-hour day" would not be able to work. (R. at 513-14). The ALJ did not adopt this testimony. Instead, the ALJ relied upon Medical Vocational Rule 201.25, and concluded that Plaintiff was not disabled. (R. at 28). This Court finds no error in the ALJ's decision not to rely on the testimony of the vocational expert, because the hypothetical posed to the expert was based on the restrictive functional assessments of Drs. Suddaby, Cervi and Werder. For the reasons set forth herein, the ALJ rejected each of these assessments because it was unsupported by objective findings, was inconsistent with the record as a whole, and/or was not entitled to controlling weight. Therefore, the hypothetical posed to the vocational expert was not an accurate reflection of Plaintiff's residual functional capacity as determined by the ALJ. (R. at 27). Under the circumstances, it was not improper for the ALJ to predicate his disability determination on the Medical Vocational Guidelines rather than on the testimony of the vocational expert.

Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking the same.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: March 27, 2006
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge